**LIBERTY MUTUAL INSURANCE COM-PANY, Appellant,**

v.

**B. FRANK JOY COMPANY, Inc., et al.,**
Appellees.

No. 22802.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 30, 1969.

Decided Feb. 5, 1970.

Mr. James F. Bromley, Washington, D. C., with whom Mr. Thomas M. O'Malley, Washington, D. C., was on the brief, for appellant.

Mr. R. Harrison Pledger, Jr., Washington, D. C., with whom Mr. Charles E. Pledger, Jr., Washington, D. C., was on the brief, for appellees.

Before WILBUR K. MILLER, Senior Circuit Judge, and TAMM and Mac-KINNON, Circuit Judges.

MacKINNON, Circuit Judge:

Liberty Mutual Insurance Company (Liberty) sues as subrogee to recover the amount of a claim paid under an insurance policy to the Howard P. Foley Company (Foley) for flooding damage to certain tools, equipment and electrical material.

At 7:17 P.M. on November 7, 1963, the District of Columbia government received notice of a broken 6-inch water main at 1717 Massachusetts Avenue, N.W. Preceding the break, 2.58 inches of rain had fallen on November 6 and an additional .23 inches on November 7. The Foley Company was making an electrical installation in a building adjacent to

the break during this period. Its foreman discovered the flooding the next morning and noted 2 to 3 feet of water at the base of certain electrical equipment and miscellaneous property. The property which was flooded was inventoried and removed. Liberty paid the Foley Company pursuant to the terms of its policy and sued B. Frank Joy Company (Joy Company), Potomac Electric Power Company and the government of the District of Columbia.

The parties stipulated that the Joy Company on behalf of the Potomac Electric Power Company "had performed certain excavation work in the 1700 block of Massachusetts Avenue, N.W., during the period October 24 to November 6, 1963." In addition, the answer of the defendants admitted that the Joy Company "was doing work under a contract with the defendant Potomac Electric Power Company at a construction site now known as 1745 Massachusetts Avenue, N.W. at the time alleged in the complaint and that in the course of said work an excavation was made in the area of a water main. * * *"

Defendants in their answer denied that said work was performed in a negligent or careless manner or without taking proper precautions or that they caused the breaks in the water main as alleged by plaintiff. Potomac Electric Power Company and the government of the District of Columbia were granted directed verdicts at the conclusion of the plaintiff's case and the Joy Company stood on its motion for a directed verdict and introduced no evidence.

The jury returned a verdict for plaintiff Liberty for $5,105.60 against the Joy Company. This is the sum claimed as the additional labor involved in cleaning out the flooded cellar and re-installing the equipment that was already in place and was the maximum sum that the jury was instructed they could find as a recovery. As to the very substantial loss caused by the damage to the electrical equipment and other miscellaneous items, the court considered the testimony with respect thereto to be inadequate and that issue never reached the jury.

■ On this appeal, Liberty raises a number of points, which we do not reach because we conclude that on all the evidence adduced at trial there was a failure to adequately connect the damage to the Foley Company with any negligence of the defendant. There is no dispute that defendant Joy performed certain excavations in the "area of the water main" but there was no testimony that Joy performed any particular excavation work or had been guilty of any specific acts of negligence.

There was some indication that land between the two vaults "in close proximity" to the water main had been "moved and refilled" but there was no testimony as to who had moved it. However, as to the earth "around the water main," the testimony was that it had not been recently moved or refilled. According to plaintiff's expert, the soil around the main appeared "to be the original bedding of the water main at the point of the break."

■ During the course of the trial the court ruled that plaintiff's witness, an expert on the water operation of the District of Columbia, employed by its Water Operations Division, was not qualified to testify as to *what* caused the break in the water main. Following this ruling no offer of proof was made as to what his testimony would have been on this point. The basis the court gave for so ruling was that since the witness was an employee of the Water Department of the District of Columbia he was not sufficiently "disinterested" to qualify as an expert witness. But disinterestedness is not required of expert witnesses any more than it is required of ordinary witnesses. D.C.Code § 14–301 (1967).[1] The interest of a wit-

---

1. Except as otherwise provided by law, a person is not incompetent to testify in a civil action or proceding by reason of his being a party thereto or interested in the result thereof. If otherwise competent to testify, he is competent to give

ness is merely one matter that goes to the weight of his testimony. However, since plaintiff here made no proffer as to *what* the witness would have testified to as the cause of the break in the water main, we do not consider the objection further except to note that, even if this witness had been permitted to testify as to *what* caused the break, such evidence would not have met the basic deficiency of the record and supplied any evidence as to *who* caused that break. This is true because the witness had not viewed or investigated the area or the break that occurred at 7:17 P.M. on November 7, 1963, until between 8 and 9 A.M. the next day. Thus, on the foundation laid at the trial he was not a competent witness to supply the basic deficiency of the record.

On the basis of such record, which failed to connect the Joy Company or the Potomac Electric Power Company or the District of Columbia with any act of negligence, the trial judge found that the plaintiff failed to meet its burden of proving defendant Joy to be negligent in its excavation or that any acts of such persons were the proximate cause of any damage sustained by Foley and as to the verdict against the Joy Company entered a judgment *non obstante veredicto*. For the same reasons we affirm.

Affirmed.

---

evidence on his own behalf and competent and compellable to give evidence on behalf of any other party to the action or proceeding. D.C.Code § 14–301.

At common law, a person having an "interest" in a lawsuit was an incompetent witness, but the rule only excluded such witnesses from testifying in favor of the party to whom their interest inclined. The "interest" required to disqualify a witness, at common law, must be a direct and certain legal interest to abide the suit, *i. e.*, the witness had to be in a position to gain or lose as a direct result of the suit; otherwise his interest merely went to his credibility. If a master were sued on account of the negligence of a servant, the latter could not testify. 58 Am.Jur. Witnesses §§ 159, 161, 166 (1948). Thus, even at common law, the Water Depart-

ment employee here would be a competent witness since he was called as a witness by the plaintiff, he had no direct interest in the lawsuit and the District of Columbia was not being sued because of his alleged negligence. But all this is now changed by statute in the District of Columbia and the interest of a witness may be considered by the trier of the facts as affecting his credibility. 58 Am.Jur. Witnesses § 169 (1948).

This opinion does not infringe on a trial court's power to determine the "qualification" of an expert witness. The court here had observed that the witness was eminently qualified from a professional standpoint. We merely conclude that "disinterestedness" is not a requirement for an expert witness. *See* 2 J. Wigmore, Evidence §§ 561, 563 (3d ed. 1940).